IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| *In Re* SEARCH OF<br>2300 FREEPORT, SUITE 7. | ) <br> ) <br> )   Civil Action No. 07-46M <br> ) <br> )   Magistrate Judge Caiazza <br> ) <br> )   **<u>FILED UNDER SEAL</u>** |

### <u>ORDER</u>

The Motion for Reconsideration filed by Thomas R. Ceraso, Esq. and paralegal James Smith (Doc. 14) will be denied, consistent with the discussions below.

Although termed a motion for reconsideration, the filing in question appears more like a request for modification and/or clarification of the court's March 6, 2007 Order. The undersigned will address each of the movants' concerns, in seriatim.

The movants first object to the Order's referring to them as "Subjects," stating this is "a [term] of art typically reserved for persons under investigation by federal authorities." *See* Mot. at ¶ 2. In using this term, the court did not mean to suggest that the movants are under criminal investigation. Consistent with this understanding, all references to "Subjects" in the March 6, 2007 Order are hereby **STRICKEN**, and in all instances the word is replaced with "Occupants" (*i.e.*, the occupants of the searched premises).

The Occupants next request that, to the extent the Special Master identifies materials responsive to the search warrant, said materials not be provided to the Government until the court determines whether or not the attorney-client privilege shields them from production.  This procedure already has been adopted by the March 6th Order.  *See id.* at 7 ("[t]he Special Master will provide to the court paper copies of all responsive materials, and the undersigned will make an independent determination regarding which documents are subject to production and which are not"; after such determination, "[c]opies of the documents <u>subject to production</u> will be provided by the court to the parties") (emphasis added).

The Occupants also request that, if no responsive materials are found by the Special Master, the hard drives be returned to the Occupants or destroyed.  *See* Mot. at ¶¶ 4-6.  This request presents a hypothetical situation that may or may not come to pass.  If no responsive materials are uncovered, the Occupants may renew their request and the court will decide accordingly.

Finally, the Occupants object that they have not enjoyed the opportunity to make a record for appellate review.  *See id.* at ¶ 7; *see also id.* at ¶ 7(H) (suggesting that testimony should have been taken and "formal legal argument or briefs" submitted).  The undersigned sees no need for the taking of testimony, however, and the Occupants already have presented legal briefs

-2-

and argument by way of their moving papers.  Reply briefs are permissive, not mandatory, and there currently exists a sufficient record to justify the court's rulings.

For all of these reasons, the Occupants' Motion for Reconsideration (**Doc. 14**) is **DENIED**, consistent with the discussions above.

IT IS SO ORDERED.


March 12, 2007

*Francis X. Caiazza*
Francis X. Caiazza
U.S. Magistrate Judge

cc:

Alexander H. Lindsay, Jr., Esq.
Lindsay, Jackson & Martin
128 South Main Street
Butler, PA  16001

Martin A. Dietz, Esq.
3600 Grant Building
36th Floor
Pittsburgh, PA  15219

James Y. Garrett, Esq.
Robert Eberhardt, Esq.
U.S. Assistant Attorneys

The Honorable Terrence F. McVerry
United States District Court Judge