IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *In Re* SEARCH OF 2300 FREEPORT, SUITE 7. | ) ) ) ) ) ) ) | Civil Action No. 07-46M<br><br>Magistrate Judge Caiazza<br><br>**FILED UNDER SEAL** |

**ORDER**

On May 21, 2007, the government filed a submission "consent[ing] to the return of four imaged computer hard drives seized pursuant to a search warrant executed on February 8, 2007 and which are part of the subject matter of Motions for Return of Seized Property filed by Thomas R. Ceraso and James Smith." *See* Doc. 19 at 1; *see also id.* at ¶ 6 ("the government has determined . . . that the costs . . . [of] complet[ing] the privilege review process are in excess of any benefits to [its] interests," and its consent "is being made without any alteration in its position that the search warrant by which the images of the hard drives were seized was properly issued and executed"). Via email communications with the undersigned's chambers, the government has confirmed that its consent extends to all materials within the Special Master's possession, namely four (4) hard drives and two (2) pen drives.  The consent to the return of property is accepted by the court, as consistent with the government's assertions above.

As referenced in a previous Order, the government also seized hard copy documents from the files of Mr. Ceraso; copies of these documents were not forwarded to the Special Master or the Court.

Via communications with chambers, Counsel for Occupant Ceraso has advised that issues regarding the hard copy documents no longer are in dispute, and the request for return of property in this regard is moot.

As for the physical return of the drives to the Occupants, the government has expressed a desire to remain uninvolved in the process, and its counsel requests an "appropriate" order that would effectuate the transfer of the materials from the Special Master to the appropriate Occupant(s).  *See* Doc. 19 at ¶ 7.  The Special Master and the Occupants, moreover, have agreed to coordinate the return of property.  The instant Order adopts this approach, subject to the following conditions.  First, the government has agreed to cover the costs of returning the drives, via the billing statement(s) provided to the court by the Special Master.  Second, the court will set a firm and definitive deadline for the return of the materials, given Judge McVerry's need to bring this matter to a close for the purposes of his case at Criminal Action Number 05-385.

Next is the issue of payment for the Special Master's services.  As indicated in a prior Order, the Special Master is expected to "submit detailed billing records, to be reviewed by the court under general reasonableness standards, while also taking into account his practice group's special expertise."  *See* Doc. 13 at 6 n.1.  Below, the court will establish a time frame for the Special Master's submission of his billing statements to the court, via email.  The undersigned's chambers will promptly forward the statements to the government, so that it may either consent to the bill or state any objections thereto.  Once the government has had an opportunity to respond, the court will review and approve the Special Master's final bill.

Upon email notification by the Special Master that the government has paid the bill or provided adequate assurances regarding the same, the court will enter an order excusing the Special Master and dismissing this action.

One final matter remains.  In a filing dated May 30, 2007 (*see* Doc. 20), counsel for Occupant Ceraso has asked that the affidavits filed in Criminal Action Number 05-385 be filed in this case as well.  The affidavits confirm that, while the seized drives were in the possession of the government, its agents neither accessed nor examined their contents.  *See generally id.* at ¶ 6.

The government's submission of the affidavits in 05-cr-385 was a direct result of the interplay between that action and this one, and the interrelationship (although quite limited) is well understood by the parties.

At this time, the court has every reason to believe that Mr. Ceraso's request is both reasonable and appropriate under the circumstances. As all other documents in this case, moreover, the affidavits if filed would remain under seal here. Nevertheless, the government will be provided an opportunity to respond to Mr. Ceraso's request.

Somewhat relatedly, counsel requests that, "if any criminal charges are filed against [Ceraso client] Gregory Podlucky arising out of the investigation of the LeNature's matter," the affidavits in 05-cr-385 "be filed in that matter as well." *Id.* at ¶ 7. The Occupant essentially is requesting an advisory ruling regarding events that have not come to fruition. If and/or when criminal charges are filed, moreover, this court remains unconvinced that it possesses the authority to direct the filing of the affidavits in said proceeding. In any event, the Occupant's request is best reserved for the District Court judge presiding over the contemplated criminal proceeding if and when it is filed.

For all of the reasons stated above, the court hereby ORDERS the following:

(a) the government's consent to the return of property, as described above, is **ACCEPTED**, and it is **ADJUDGED** and **DECREED** to have full and binding force;

(b) Occupant Ceraso's request for the return of seized hard copy documents is **DENIED AS MOOT**;

(c) **by no later than June 11, 2007,** the Special Master and the Occupants shall effectuate the return of the seized drives to the appropriate Occupant(s);

(d) **by June 20, 2007,** the Special Master shall transmit via email to the undersigned's chambers a detailed billing statement, including an affidavit and any appropriate supporting documentation;

(e) the undersigned's chambers will forward the Special Master's billing statement and related materials to the AUSAs on this case and, **within seven (7) calendar days thereafter,** the government may file a submission either consenting to the bill or stating any objections thereto;

(f) **on or before June 15, 2007,** the government may respond to Occupant Ceraso's request that the affidavits filed in Criminal Action Number 05-385, as described above, be filed under seal in the instant case; and

(g) Occupant Ceraso's request that the aforementioned affidavits be filed in any future criminal proceedings against Gregory Podlucky is **DENIED.**

THESE THINGS ARE SO ORDERED.

June 1, 2007

Francis X. Caiazza
U.S. Magistrate Judge

```
cc (via email):

Alexander H. Lindsay, Jr., Esq.
Martin A. Dietz, Esq.
James Y. Garrett, Esq.
Robert Eberhardt, Esq.
Robert Cessar, Esq.
The Honorable Terrence F. McVerry,
    United States District Court Judge
```